Fremont-Smith, Thayer, J.
I. Motion for Summary Judgment of LM Holdings, LLC as Successor to CFP Construction Co., Inc.
Advanced Kiosks’ (“Advanced”) Second Amended Complaint pleads causes of action for breach of contract (Count I), unjust enrichment (Count II) and violation of G.L.c. 93A (Count V). Defendant moves for summary judgment on all three of the above counts.
As to Count I (breach of contract) defendant contends that there is no evidence of any contract with Advanced for Advanced’s manufacture of kiosks for the MBTA. It is true that the purchase order for the kiosks was sent to Advanced by the general contractor, City Lights Electrical (“City Lights”), rather than by CFP, but the purchase order on its face indicates it is from CFP. CFP’s subcontract with City Lights, moreover, lists in Exhibit B thereto, a unit price for CFP’s provision to the MBTA of “CSA Kiosks,” for $425,662, and when the order for kiosks was then cancelled by the MBTA CFP, rather than City Lights, notified Advanced of the required procedure in order for Advanced to obtain reimbursement of Advanced’s incurred costs with respect to the kiosks. Moreover, City Lights’ letter dated February 3, 2006 refers to its purported understanding that the “Purchase Order [was] between CFP and Advanced.” A jury could reasonably infer from these circumstances that CFP considered itself, and was considered by City Lights, to have entered into a contract with Advanced. Nor, in light of CFP’s correspondence, can it be said that there is no evidence of a written contract signed by CFP memorializing such a contract, which Advanced had indisputedly partially performed.
As for Count II, unjust enrichment, while the kiosks were never delivered, Advanced contends that it did provide valuable shop drawings of the kiosks to both CFP and City Lights. There is thus a disputed question of fact as to whether CFP was unjustly enriched and, if so, in what amount.
As for Count V (G.L.c. 93A), however, there are no facts upon which ajuiy could reasonably find that CFP engaged in any unfair or deceptive acts.
II. Motion of Federal Insurance Company for Summary Judgment
Federal moves for summary judgment on Count VI (violation of c. 176D) and Count VII (liability under c. 149, §29). Advanced seeks to be reimbursed for its work on the kiosks by Federal Insurance Co. (“Federal”), which provided a performance bond to the general contractor (City Lights) and to the subcontractor (CFP). Federal contends that, because the kiosks were never actually delivered to the MBTA, the bond does not cover Advanced’s costs.
G.L.c. 149, §29 provides for
payment by the contractor and subcontractors for labor performed or furnished and materials used or employed therein . . . and including also any material specially fabricated at the order of the contractor or subcontractor for use as a component part of said public building or other public work so as to be unsuitable for use elsewhere, even though such material has not been delivered and incorporated into the public building or public work.
In Dean, Inc. v. Fireman’s Insurance Co., 1996 WL 680083 (Mass.Super. 1996), after exhaustively reviewing the decided cases, the court held that, for recovery under a bond, the product which was supplied (which in this case was shop drawings) need not have been actually incorporated into the as-built structure but need only have been, as here, “furnished by virtue of a contract.” Accordingly, Federal’s motion for summary judgment with respect to c. 149, §29 liability is denied. As to Count VI, however, no more recent case after Dean, which considers the issue, has been called to our attention, nor has our research revealed any. We are also aware of, but do not follow, the contrary ruling in this case on defendant’s motion to dismiss (docked #13.0). In view of the unsettled status of the *358 law on this issue it cannot be said that Federal’s liability was reasonably clear.
Accordingly, Federal’s motion as to Count VI (alleging a violation of G.L.c. 176D), is ALLOWED, but its motion as to c. 149, §29 liability (Count VII) is denied.
ORDER
The motion of LM Holdings, LLC as successor to CFP Construction Co., Inc. for summary judgment is DENIED as to Counts I and II of the Second Amended Complaint (breach of contract and unjust enrichment) but is ALLOWED as to Count V (G.L.c. 93A).[1]
Federal Insurance Co.’s motion for summary judgment is ALLOWED as to Count VI (c. 176D) but is DENIED as to Count VII (liability under c. 149, §29).

Counts III and IV are against City Lights, which has not moved for summary judgment.